UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUNG SIK JUNG on behalf of himself and all others similarly situated, | Index No. 22-cv-1460 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| SUSHI MARU EXPRESS and DONG CHEOL LEE | **COLLECTIVE ACTION** |
| Defendants, | |

Plaintiff, Sung Sik Jung (collectively, "plaintiff"), on behalf of himself and all others similarly situated, by his attorneys, Ryan Kim, complaining of defendants Sushi Maru Express and Dong Cheol Lee (collectively, "defendants"), alleges:

**NATURE OF ACTION**

1. This action is brought to recover unpaid overtime wages, and other damages pursuant to the Fair Labor Standards Act, 29 U.S.C § 201, et seq. ("FLSA"), and New York Labor Law ("NYLL"), N. Y. Lab. Law § 650 et seq.

2. Plaintiff seeks injunctive and declaratory relief against defendants' unlawful actions, unpaid overtime wage, liquidated damages, compensatory damages, interest, and attorneys' fees and costs pursuant to the FLSA, the NYLL.

3. Defendants own and operate Sushi Maru Express, a sushi station in the grocery store Uncle Giuseppe's Marketplace at 1108 NY 112, Port Jefferson Station NY 11776.

4. Defendants failed to compensate Plaintiff and all others similarly situated at the statutorily overtime wage as required by law.

1

## JURISDICTION

5. This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337 and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391, as Sushi Maru Express are incorporated and located in the Eastern District of New York.

### Plaintiff Sung Sik Jung

7. Sung Sik Jung ("Jung") resides in Queens County, New York.

8. Jung was employed as a sushi chef by Defendants from May 2019, through February 2, 2022.

### Sushi Maru Express

9. Defendant Sushi Maru Express is a New York Corporation that owns and operates a sushi station in a grocery store in Port Jefferson Station, New York.

10. Sushi Maru Express is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

11. Sushi Maru Express has employees engaged in commerce or the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

12. Sushi Maru Express has an annual gross volume of sales in excess of $500,000.

### Dong Cheol Lee

13. Defendant Dong Cheol Lee resides in Queens County, New York.

14. Defendant Dong Cheol Lee ("Lee") is the president and the owner of Sushi Maru Express.

15. Dong Cheol Lee is sued individually in his capacity as an owner, officer and/ or agent of Sushi Maru Express.

16. Dong Cheol Lee exercises sufficient control over the company's operations to be considered Plaintiff's employer under the FLSA, New York Labor Law.

17. At all-time material herein, Dong Cheol Lee had the authority to hire and fire employees and established and exercised authority regarding the pay practices at Sushi Maru Express.

18. Dong Cheol Lee makes all final decisions about employment practices at Sushi Maru Express.

19. The defendant Dong Cheol Lee managed, supervised, established, and administered the terms and conditions of Plaintiff's employment through Sushi Maru Express.

**COLLECTIVE ACTION ALLEGATIONS**

20. The claims in this Complaint arising out of the FLSA are brought by the Plaintiff on behalf of himself and all similarly situated non-exempt employees (i.e. sushi chef and assistant sushi chef) who work or have worked at Sushi Maru Express within three years of the date of the filing of this action and who elect to opt-in to this action (the "FLSA Collective").

21. The FLSA Collective consists of approximately forty similarly situated current and former non-exempt employees of Sushi Maru Express, who have been victims of defendants' common policy and practices that have violated their rights under the FLSA by, inter alia, willfully denying them overtime pay and other monies.

22. The FLSA Collective consists of employees who, during their employment at Sushi Maru Express, worked as non-exempt employees.

23. As part of their regular business practices, defendants have intentionally, willfully, repeatedly, and in bad faith harmed Plaintiff and the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA, New York Labor Law. This policy and pattern or practice include, inter alia:

   a. failing to pay employees the statutory minimum wage for all hours worked;

   b. failing to pay employees the proper overtime pay for all hours worked over forty;

   c. failing to pay non-exempt employees one hour's pay at the minimum hourly wage rate for each day during which employees worked more than ten hours;

   d. failing to keep accurate records of hours worked by employees as required by the FLSA and the New York Labor Law.

24. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to defendants, are readily identifiable by defendants, and are locatable through defendants' records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

## PLAINTIFF'S FACTUAL ALLEGATIONS

25. Jung worked as a sushi chef throughout his time employed by defendants.

26. Working as a sushi chef, Jung fell into the category of "non-exempt" employee pursuant to the FLSA.

27. From May 2019 through July 2021, Mr. Jung worked over 10 hours a day for 2~3 days a week and he was paid $150.00 a day.

28. From August 2021, through February 2, 2022, Jung regularly worked over 10 hours a day for six days per week and he was paid $950.00 per week. Plaintiff began his work around 6:00 a.m. and ended around 4:00~5:00 p.m. for 6 days per week.

29. Defendants failed to compensate Jung at one and one-half times the statutory minimum wage rate for the hours He worked in excess of forty (40) per workweek.

30. Jung was paid the fixed weekly wage regardless of the hours he worked in a day or in a week.

31. Defendants failed to pay Jung spread-of-hours pay when the length of his workday exceeded ten hours.

32. Defendants failed to furnish Jung's wage statements with his hours worked and rates of pay at his every payday.

33. Defendants also failed to furnish Jung with a wage notice at the time of hiring and whenever his wage rates changed.

## FIRST CLAIM
### (Fair Labor Standards Act - Unpaid Overtime)

34. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

35. Defendants are required to pay Plaintiff and the FLSA Collective one and one-half (1 ½ ) times the regular rate at which Plaintiff was employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, et seq.

36. Defendants have failed to pay Plaintiff and the FLSA Collective the overtime wages to which they are entitled under the FLSA.

37. Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and FLSA Collective overtime wages.

38. Due to defendants' violations of the FLSA, Plaintiff and the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## SECOND CLAIM
### (New York Labor Law- Unpaid Overtime)

39. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

40. Under the NYLL and supporting New York State Department of Labor Regulations, defendants were required to pay Plaintiff one and one half (1 ½ ) times the regular rate of pay for all hours He worked in excess of forty.

41. Defendants have failed to pay Plaintiff the overtime wages to which they were entitled under the NYLL. 132. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff overtime wages.

42. Due to defendants' willful violations of the NYLL, Plaintiff is entitled to recover his unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre-judgment and post-judgment interest.

## THIRD CLAIM
### (New York Labor Law - Spread-of-Hours Pay)

43. Plaintiff repeats and realleges all foregoing paragraphs as if set forth herein.

44. Defendants willfully failed to pay Plaintiff the additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which Plaintiff worked more than ten hours.

45. By defendants' failure to pay Plaintiff the spread-of hours pay, defendants willfully violated the NYLL Article 19, §§ 650, et seq., and the supporting New York State

Department of Labor Regulations, including, but not limited to, 12 N.Y.C.R.R. §§ 137-1.7, 3.10, and 146-1.6.

46. Due to defendants' willful violations of the NYLL, Plaintiff is entitled to recover an amount prescribed by statute, reasonable attorneys' fees and costs of the action, pre-and post-judgment interest, and liquidated damages.

**FOURTH CLAIM**
**(New York Labor Law - Wage Theft Prevention Act)**

47. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

48. Defendants failed to furnish to Plaintiff at the time of hiring, whenever there was a change to an employee's rate of pay, and on or before February 1st of each year of employment through 2021, a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular payday designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

49. Defendants failed to furnish Plaintiff with each payment of wages an accurate statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions;

7

allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the NYLL § 195(3).

50. Due to defendants' violation of NYLL § 195(1), Plaintiff is entitled to recover from the defendants liquidated damages of $50.00 per day that the violation occurred, up to a maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(l-b).

51. Due to defendants' violation of the NYLL, § 195(3), Plaintiff is entitled to recover from defendants liquidated damages of $250.00 per workweek that the violation occurred, up to a maximum of $5,000, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, on behalf of himself and the FLSA Collective, respectfully requests that this Court enter a judgment:

a) declaring that defendants have violated the overtime wage provisions of the FLSA and the NYLL;

b) declaring that defendants have violated the spread-of-hours provisions of the NYLL;

c) declaring that defendants have violated the unlawful deductions provisions of the NYLL;

d) declaring that defendants' violations of the FLSA and NYLL were willful;

e) awarding plaintiff and the FLSA Collective damages for unpaid overtime wages;

f) awarding Plaintiff damages for unpaid spread-of-hours pay;

g) awarding plaintiff and the FLSA Collective, liquidated damages as a result of defendants' failure to furnish accurate wage statements and annual notices pursuant to the NYLL;

h) awarding plaintiff and the FLSA Collective, liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA;

i) awarding plaintiff and the FLSA Collective, the liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the NYLL;

j) awarding plaintiff and the FLSA Collective, pre-judgment and post-judgment interest under the FLSA and the NYLL;

k) awarding plaintiff and the FLSA Collective, the reasonable attorneys' fees and costs pursuant the FLSA and the NYLL; and

l) awarding such other and further relief as the Court deems just and proper.

## JURY TRIAL

A jury trial is demanded on all Counts.

Dated: March 16, 2022

        /s/ Ryan Kim
Ryan J. Kim

Ryan J. Kim, Esq.
Ryan Kim Law, P.C.
222 Bruce Reynolds Blvd. Suite 490
Fort Lee, NJ 07024
ryan@RyanKimLaw.com

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY FOR SERVICES RENDERED**

TO: Dong Cheol Lee

      PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York and Section 609 of the Limited Liability Company Law of New York, you are hereby notified that Plaintiff Sung Sik Jung intends to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders and/or members of:

Sushi Maru Express

for all debts, wages, and/or salaries due and owing to them as laborers, servants, and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on his behalf.

Dated: March 16, 2022
      Fort Lee, NJ

                                      Ryan Kim Law, P.C.
                                      *Attorneys for Plaintiff*

                                      */s/ Ryan Kim*
                                      Ryan Kim
                                      222 Bruce Reynolds Blvd. Suite 490
                                      Fort Lee NJ 07024
                                      Tel: (718) 573-1111
                                      Email: ryan@ryankimlaw.com

# DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW

TO:

Sushi Maru Express

_____

**PLEASE TAKE NOTICE**, that Plaintiff SUNG SIK JUNG as an employee of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, and Section 609 of the Limited Liability Company Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

**PLAINTIFF HEREBY DEMANDS** the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: March 16, 2022
      Fort Lee, NJ

                                          Ryan Kim Law, P.C.
                                          *Attorneys for Plaintiff*

                                          */s/ Ryan Kim*
                                          Ryan Kim
                                          222 Bruce Reynolds Blvd. Suite 490
                                          Fort Lee NJ 07024
                                          Tel: (718) 573-1111
                                          Email: ryan@ryankimlaw.com

## DOCUMENT PRESERVATION DEMAND

Plaintiff(s) hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale, or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

*/s/ Ryan Kim*
Ryan Kim
222 Bruce Reynolds Blvd. Suite 490
Fort Lee NJ 07024
Tel: (718) 573-1111
Email: ryan@ryankimlaw.com

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein" for ONE THIRD (1/3) or such amount as a court award. All rights relating to attorney's fees have been assigned to counsel.

                                              */s/ Ryan Kim*
                                              Ryan Kim
                                              222 Bruce Reynolds Blvd. Suite 490
                                              Fort Lee NJ 07024
                                              Tel: (718) 573-1111
                                              Email: ryan@ryankimlaw.com



Under the FLSA and NYLL, taking **adverse actions** (firing and demoting, stalking and harassing) against **Plaintiff(s)** in retaliation for having brought this Complaint is **ILLEGAL** and **PUNISHABLE BY LAW**.

# Consult your attorney

# Settlement under the table is <u style="color:red">prohibited</u> by the law.



> Once a wage-and-hour case is filed in the Federal District Court, any settlement must be reviewed by the Court and approved as fair and reasonable by the Judge under *Cheeks v. Pancake House, Inc.*

# <u style="color:red">Consult your attorney.</u>